IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cr-00623 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| Maurice Montgomery, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On March 30, 2023, Defendant Maurice Montgomery ("Montgomery") was indicted on charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Before the Court is Montgomery's motion to dismiss the indictment on grounds that § 922(g)(1) violates the Second Amendment both facially and as applied to him in light of the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [28] is denied.[1]

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to

---

[1] Because the defendant's motion and the government's response are filed under seal, the Court has not included a "background" section nor included any nonpublic details in its recitation of the facts.

dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

> *A. Analyzing the Constitutionality of Firearm Restrictions Under the Second Amendment*

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The Second Amendment guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller,* 554 U.S. 570, 635, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008).

The test for analyzing the constitutionality of firearm restrictions is provided by *Bruen*. 597 U.S. at 24. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* If so, the Constitution presumptively protects that conduct and the burden shifts to the government to demonstrate that the regulation "is consistent with this Nation's historical tradition of firearm regulation." *Id.* Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)); *see also United States v. Rahimi*, 144 S. Ct. 1889, 1898, 219 L. Ed. 2d 351 (2024) (applying *Bruen*).

> *B. Defendant's facial challenge to 18 U.S.C. § 922(g)(1)*

Montgomery first facially challenges the constitutionality of § 922(g)(1). The Seventh Circuit recently foreclosed criminal defendants from facially challenging the constitutionality of § 922(g)(1). *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024). In *Gay*, the defendant challenged his conviction under § 922(g)(1) on appeal, arguing that the Second Amendment permitted persons with felony convictions like himself to possess firearms "notwithstanding statutes such as 18 U.S.C. § 922(g)(1)." *Id.* The Seventh Circuit noted that the defendant's argument was "hard to square" with

the Supreme Court's statement in *Heller* that "longstanding prohibitions on the possession of firearms by felons" are valid. *Id.* ("Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller.*") (citing *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns."). Courts in this district have since interpreted *Gay* as foreclosing challenges to § 922(g)(1). *See, e.g.*, *United States v. Fillyaw*, No. 23 CR 650, 2024 WL 3338940, at *1 (N.D. Ill. July 9, 2024) (Kennelly, J.) (holding that defendant's challenge to § 922(g)(1) was foreclosed by *Gay*); *United States v. Barenas-Reynoso,* No. 19-CR-00351-8, 2024 WL 3509757 at *2 (N.D. Ill. July 23, 2024) (Coleman, J.) (holding the same).

Consistent with Seventh Circuit precedent, the Court denies Montgomery's motion to dismiss the indictment on the grounds that § 922(g)(1) is facially unconstitutional.

C.  *Defendant's as-applied challenge to 18 U.S.C. § 922(g)(1)*

Montgomery next challenges the constitutionality of § 922(g)(1) as applied. After holding that *Bruen* barred facial challenges to the constitutionality of the statute, the *Gay* court proceeded, "for the sake of argument" to consider whether "there is *some room* for as-applied challenges" to § 922(g)(1). *Gay*, 98 F.4th at 846. "When describing the persons who possess rights under the Second Amendment" the court noted, "*Bruen* repeatedly used the phrase 'law-abiding, responsible citizens' or a variant." *Id.* The court then reviewed the defendant's criminal record, noting that he "ha[d] been convicted of 22 felonies, including aggravated battery of a peace officer and possessing a weapon while in prison" and had violated a condition of his parole that he would not possess a firearm. *Id.* at 846–47. "Just as *Samson* holds that parolees lack the same privacy rights as free persons," the court concluded, "parolees lack the same armament rights as free persons." *Id.* at 847 (citing *Samson v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006)). Because of this criminal history

3

and the conditions of his arrest, the court held that the defendant was not a "'law-abiding, responsible' person who has a constitutional right to possess firearms" and rejected the defendant's as-applied challenge to the constitutionality of his conviction under § 922(g)(1). *Id.*

Here, Montgomery has a significant criminal history. Between 1992 and 2009, Montgomery was convicted of five felonies, including armed robbery with a firearm and aggravated possession of a stolen vehicle in 1992 and aggravated battery in a public place and armed robbery without a firearm in 2009. For the latter conviction, Montgomery was sentenced to twenty-eight years in prison, and was subsequently released on parole in 2021 after having served approximately twelve years of his sentence. And the Court previously found that the circumstances of the current indictment, which include facts surrounding a gun crime allegedly committed while impersonating a law enforcement officer and while on parole, established by the preponderance of the evidence that no condition or combination of conditions could mitigate the danger posed by Montgomery or the risk of non-appearance in his pending trial. (Dkt. 13.)

Because of this criminal history and current circumstances, the Court finds that Montgomery is not a "law-abiding citizen" under *Gay*. Accordingly, the Court denies Montgomery's motion to dismiss the indictment on the grounds that § 922(g)(1) is unconstitutional as applied to him.

**Conclusion**

For these reasons, the Court finds that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment facially or as applied to Montgomery. Thus, the Court denies the motion to dismiss the indictment [28].

**IT IS SO ORDERED.**

Date: 9/19/2024  Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge